IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


TROY L. DECKER,

                    Plaintiff,

          v.                          CASE NO.  16-3121-SAC-DJW

STATE OF KANSAS, et al.,

                    Defendants.


**MEMORANDUM AND ORDER**

     Plaintiff is an inmate at the Lansing Correctional Facility in Lansing, Kansas (LCF).  He filed this pro se civil rights complaint under 42 U.S.C. § 1983 in which he sues officials that participated in his criminal cases and claims that his present incarceration is illegal.  The court dismisses this action upon screening for reasons that follow.

**BACKGROUND**

     Plaintiff's complaint arises out of his two state criminal convictions in Sedgwick County District Court in Wichita, Kansas.  In 2012, Mr. Decker was convicted upon his plea of nolo contendere of one count of "Battery 21-5413(a)(2), Class B, Person Misd."  See (Amended Complaint)(Doc. 5)[1] Journal Entry,

---

[1]      Five days after his original complaint was filed, plaintiff submitted a new complaint that he labeled "Supplemental."  The clerk docketed this complaint as plaintiff's "Amended Complaint" (Doc. 5) instead.  This document was not a supplement because it does not set out "any transaction,

*Kansas v. Decker*, Case No. 11CR2960 (D.Ct.SG.Co., June 18, 2012)(Attach. Doc. 5-1). This Journal Entry provided that "Def. agrees to register (as a violent offender) for an offense not otherwise registerable for a period of 5 years pursuant to 22-4906(1)."[2] Wichita attorney Klaus Dieter Mueller was appointed to represent Mr. Decker in these state court proceedings. Plaintiff complains about his 2012 conviction in his Amended Complaint (Doc. 5). He alleges that he was booked into Sedgwick County Jail on "several fictitious sexual charges, that the "courts did not have enough evidence" and were prejudiced, and

---

occurrence, or event that happened after the date of the pleading to be supplemented." See Fed.R.Civ.P. Rule 15(d). Plaintiff filed this new complaint upon appropriate forms, and a plaintiff may amend his complaint once as of right. However, an amended complaint once filed completely supersedes the prior complaint. If the court followed the normal course and treated this new complaint as plaintiff's amended complaint, the only defendants before the court would be the State of Kansas and Mueller and the only allegations and claims would be those in the amended complaint regarding plaintiff's 2012 conviction. Plaintiff may not add piecemeal to his original complaint by simply submitting the additional information. Nevertheless, since plaintiff clearly intended to add Mueller as a defendant and the court dismisses this action upon screening, the court has liberally construed the two complaints together and has incorporated the allegations from each into its discussion. As the only Count in his "amended complaint," plaintiff claims that attorney Mueller violated the Fifth and Fourteenth Amendments and immunities and deprived plaintiff of life, liberty and due process of law. As supporting facts, he alleges that on June 18, 2012, Mueller committed a manifest injustice by "signing off journal entry . . ., i.e. illegal plea, sentence with court." He baldly refers to his exhibit of a "Journal Entry-Misdemeanor Case" (Doc. 5-1) filed in *State v. Decker*, Case No. 11CR2960 in Sedgwick County District Court. This Journal Entry dated June 18, 2012 indicates that Mr. Decker pleaded nolo contendere to "Amended Count One: Battery, Class B, Person Misd.," that Count Two was dismissed per plea, and that plaintiff was sentenced to time served. The Journal Entry further provides that "Def. agrees to register for an offense not otherwise registerable for a period of 5 years pursuant to 22-4906(i)." *Id.*

[2] The Journal Entry is signed by Troy Decker as well as his defense attorney, the State's attorney, and the judge.

that "the District Attorney stipulated an illegal plea deal" in concert with Mueller and that Mueller knew it was illegal and "entered" plaintiff into "illegal plea agreement."  He claims the agreement was illegal because K.S.A. 22-4902(a)(5) did not "otherwise require registration" and that Mueller coerced him into signing "what would become an illegal plea/sentence under K.S.A. § 22-4906(i)."  Plaintiff alleges in support that he must have been "on diversionary agreement or probation" in order to accept "such a plea under this statute," and was on neither.  He claims that Mueller ignored plaintiff's rights and committed a manifest injustice by signing off on the journal entry and illegal plea.  He asserts that he is entitled to relief due to Mueller's ineffective assistance of counsel and that Mueller caused plaintiff "post tramedic judicature syndrome by placing (him) under an illegal sentenc[e] that led to his present incarceration."

When Mr. Decker arrived in Kansas after his 2012 conviction and sentence, he was thus required to register as a violent offender.  He alleges that in June 2014, he went to the Sedgwick County Sheriff's Office to register through Lena Kastner, whom he describes as "Offender Registering Agency (Sheriff's Office)."  Nonetheless, plaintiff was charged, convicted and jailed for six months for a "fictitious" failure to register.

3

He is currently serving a sentence imposed in September 2015, in Case No. 14 CR 1320, which is described on the Kansas Department of Corrections offender website as "Violtn of KS Offndr Registration Act 1st cnv." Plaintiff mainly complains about this 2015 conviction in his original complaint. He claims that Kastner "committed perjury under oath during trial" when she testified that Mr. Decker failed to register" because he "did not give the correct address" as to "his whereabouts in Sedgwick Co." Plaintiff claims that Judge Bruce Brown and prosecuting attorney Shannon Wilson violated the constitution and ignored his rights.[3] In addition, he claims that appointed counsel for plaintiff, Gary Owens, "excluded exculpatory evidence" of defendant's innocence during trial.

**ALLEGATIONS AND CLAIMS**

In the caption of his original complaint, plaintiff names "State of Kansas" as the only defendant. In the following spaces for information on each named defendant, plaintiff adds four more defendants: Lena M. Kastner, referred to as "Offender

---

[3]     Plaintiff's allegations are often confused, vague and/or conclusory. Here, he adds the following allegations perhaps in regard to both his 2012 and his 2015 convictions. The court and court-appointed attorney for Mr. Decker discovered "during court proceeding" that plaintiff's sentence for the original charge under which he was required to register was illegal. The court convicted and sentenced him for a Class "B" misdemeanor that required him to register as a violent offender any time he entered the State of Kansas. Thereafter, the courts concluded that plaintiff's sentence was illegal under K.S.A. § 22-4906(i). Nonetheless, due to judicial misconduct and manifest injustice, the court convicted and sentenced him "under an illegal sentence."

Registering Agency" at Sheriff's office who testified at
plaintiff's trial that he had not registered; Shannon R. Wilson,
Prosecuting Attorney at plaintiff's trial; Bruce Brown, Judge at
plaintiff's trial; and Gary Owens, plaintiff's court-appointed
attorney.   As Count I in his complaint, plaintiff claims that
the Sheriff's Office violated the Fourteenth Amendment by
depriving him of "life liberty."[4]   Under supporting facts, he
alleges that on June 3, 2014, he went to the Sheriff's Office to
register, informed Lena Kastner that he was required to
register, and that Kastner proceeded to register him.   Then, on
July 27, 2015, Kastner testified that Decker failed to register
because he did not give his correct Sedgwick County address.   As
Count II, plaintiff claims that Attorney Owens violated the
Fourteenth and Fifth Amendments by depriving him of life liberty
and due process.   In support, he alleges that during trial Owens
acting as his attorney withheld exculpatory evidence of Decker's
innocence when he had legal documentation of Decker's defense.
As Count III, plaintiff claims that the judge violated
plaintiff's immunity, Fifth, Eighth and Fourteenth Amendments
rights; deprived him of life liberty due process; and failed to
adhere to state law requirement.   In support, he alleges that

---

[4]   Plaintiff added that he will forward documentation later as to
registration agency misconduct but no documentation has been received other
than the described Journal Entry.

Judge Brown ignored the facts of the charges twice and ruled incorrectly during the July 27 trial.  As Count IV, plaintiff claims that the District Attorney acted arbitrarily and failed to adhere to state law requirements and thereby violated Fourteenth and Fifth Amendments, due process, life liberty.  In support, plaintiff refers without explanation to the Journal Entry attached to his complaint and alleges that Ms. Wilson "acted in omission" during this 2015 trial when she knew of her prosecutorial misconduct.

In his request for relief, plaintiff claims that he was twice placed under an illegal sentence that led to his present incarceration creating a manifest injustice "causing defendant post traumedic (sic) judicature syndrome."  He seeks relief to "start" at two million dollars, expungement of his record and pay-off of all court fines.  He seeks the same relief in his amended complaint and adds that he is entitled to this relief due to ineffective assistance of counsel.

**SCREENING STANDARDS**

Because plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28

U.S.C. § 1915(e)(2)(B).   The court finds that the complaints filed in this case are deficient in several ways and dismisses this action upon screening.   The court further finds that providing plaintiff with an opportunity to amend would be futile.

**DISCUSSION**

The court dismisses this action upon screening for two main reasons.   First, the defendants named in the complaint are immune to suit for money damages and immune to suit for the type of injunctive relief, if any, sought by plaintiff.   The defendants are state officials that were involved in plaintiff's "criminal cases."   Defendant Fairchild and defendant Brown are state district court judges.   "[A] state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'"   *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)(citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)(articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.")).   Plaintiff describes defendant Rieg as an Assistant District Attorney and defendant Wilson as a prosecuting attorney.   These defendants are entitled to prosecutorial immunity. *Imbler v. Pachtma*n, 424 U.S. 409, 418–

7

19 (1976)(A prosecutor, acting within the scope of her duties in
initiating and prosecuting a case, has absolute immunity from
liability for damages under § 1983).  Plaintiff sues defendant
Kastner based upon her testimony at plaintiff's trial.  A
witness who testifies in a criminal trial is entitled to
absolute immunity from damages liability arising out of his or
her allegedly perjurious testimony.  *Briscoe v. LaHue*, 460 U.S.
325, 329-33 (1983).  Plaintiff's completely conclusory
allegations of retaliatory misconduct and legal malpractice by
defendants and his other conclusory complaints regarding his
state criminal prosecutions are completely inadequate to defeat
any of these immunities.  Similarly, plaintiff improperly names
two attorneys as defendants that represented him in his state
criminal proceedings.  Criminal defense attorneys, even those
appointed by the court, do not act "under color of state law."
For this reason, they are not proper defendants in a Section
1983 action.  Attorney malpractice lawsuits must be litigated in
state court.

Even if plaintiff could cure the foregoing deficiencies,
his claims are challenges to his state criminal convictions,
which must be dismissed without prejudice for the following
reasons.  Filing a lawsuit seeking damages against the judge,
attorneys and a witness involved in a state inmate's criminal

prosecutions is not the appropriate way to attack a state criminal conviction or sentence, or the inmate's confinement under that conviction and sentence.  Plaintiff's claims that he received an illegal sentence that led to his present confinement, that his rights as an accused were ignored, and that he has been illegally deprived of his liberty are clearly challenges to his state criminal convictions.  Plaintiff's challenges to his 2012 state conviction for misdemeanor battery and the court's sentence requiring him to register as a violent offender for 5 years are habeas claims that may not be litigated in this civil rights complaint.  Likewise, plaintiff's challenges to his 2015 state conviction and sentence for violation of the Kansas Offender Registration Act may not be litigated in this civil rights complaint.  Plaintiff's requests for expungement of the record and the satisfaction of his fines are requests for relief from his convictions and sentences.  Such claims may only be litigated in a petition for writ of habeas corpus.

Furthermore, before a state prisoner can rightfully file a habeas corpus petition in federal court, he must have fully and properly exhausted all remedies available in the state courts.  See 28 U.S.C. § 2254(b)(1)(A)[5]; *Wainwright v. Sykes*, 433 U.S. 72,

_____

[5]    28 U.S.C. § 2254(b)(1) provides:

80-81 (1977).  "States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)(explaining that the exhaustion requirement is "grounded in principles of comity").  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  It is the petitioner's burden to prove that he fully exhausted all state court remedies prior to filing his federal petition.  The exhaustion prerequisite is not satisfied unless all claims were presented by "invoking one complete round of the State's established appellate review process."  *Id.* at 845.  This means that each claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a post-conviction attack."

---

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.*

*Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). It has long been established that a § 2254 petition containing federal claims which have not been exhausted in state court must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 513-20 (1982). Plaintiff does not allege and makes no attempt to show that he properly and fully exhausted any state court remedies on his claims prior to filing this federal lawsuit. He further fails to allege any facts showing either that state court remedies do not exist or that circumstances exist that render such process ineffective.

In addition, plaintiff's claims for damages based upon challenges to his state court convictions and sentences are premature and barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 complaint based on his conviction or sentence, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(declaratory relief); *Lawson v. Engleman*, 67 Fed.Appx. 524, 526, fn. 2 (10th Cir. 2003)(injunctive relief); *see also Beck v. Muskogee Police*

*Dep't*, 195 F.3d 553, 557 (10th Cir. 1999)(noting that *Heck* should generally apply "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction"). Plaintiff does not allege that either of his challenged convictions has already been overturned. His allegations suggest to the contrary that he served his time on his 2012 sentence so it was not overturned while he was in custody; and that he is currently serving his 2015 sentence so it has obviously not been overturned. Consequently, plaintiff's claims for damages and for the injunctive relief he seeks that are based on challenges to his two state convictions and current confinement are barred under *Heck.*

I**T IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 11th day of July, 2016, at Topeka, Kansas.**


**s/Sam A. Crow**
**U. S. Senior District Judge**

12